UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALBERTO LOPEZ RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>SAM OLSON, KRISTI NOEM, PAMELA BONDI, and WARDEN,<br><br>Respondents. | CAUSE NO. 3:26-CV-59-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Alberto Lopez Ramirez, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained in violation of the laws or Constitution of the United States. (ECF 1.) For the reasons stated below, the petition is granted, and the government is ordered to release him forthwith.

Mr. Lopez Ramirez is a citizen of Mexico. He asserts—and the government does not dispute—that he entered the United States without inspection in 2000. He has two United States citizen children and was residing in Eugene, Oregon, until November 19, 2025, when he was taken into custody by Immigration and Customs Enforcement (ICE) agents. He was subsequently transferred to Miami Correctional Facility (MCF), where he is being held pending removal proceedings. He argues that his detention violates applicable statutes and the Fifth Amendment's Due Process Clause, and seeks immediate release from custody or, alternatively, an individualized bond hearing.

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 4.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Respondents have answered the petition (ECF 7), and Mr. Lopez Ramirez has filed a reply (ECF 8).

The Respondents repeat their arguments from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Lopez Ramirez is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 7.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g.*, *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior

of the United States. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens, like Mr. Lopez Ramirez, who are arrested within the interior of the United States years after entering. That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a).

The Respondents do not argue or provide documentation to show that Mr. Lopez Ramirez was arrested pursuant to an administrative warrant so as to trigger application of § 1226(a).[1] Instead, they rest on the previously rejected argument that his detention is authorized by § 1225(b)(2). Warrantless arrests are permitted under the statute only when certain conditions are met, such as where an ICE official personally witnesses the noncitizen attempting to enter the United States, or where an official has reason to believe a noncitizen has no right to be in the United States and is "likely to escape before a

---

[1] Respondents submit no immigration records pertaining to Mr. Lopez Ramirez, and instead submit documentation related to the petitioner in *De Jesús Aguilar*, presumably to preserve their arguments raised in that case. (*See* ECF 7-1.) Mr. Lopez Ramirez acknowledges that he received a Notice to Appear (ECF 8-1), but that is different from an administrative arrest warrant. *See* 8 C.F.R. § 236.1 (describing arrest warrant as a "Form I-200, Warrant of Arrest"); 8 U.S.C. § 1229(a) (describing contents of "notice to appear"); *see also* Notice to Appear, DHS Form I-862 (6/22), *available at* https://portal.ice.gov/pdf/I-862NTA(English)version6.2022.pdf (last visited Feb. 3, 2026).

warrant can be obtained." 8 U.S.C. § 1357(a). Respondents have not attempted to show that any of those conditions were present in this case. The court therefore concludes that Mr. Lopez Ramirez is entitled to release as the removal process unfolds or until the government pursues other options available to it.[2]

For these reasons, the court:

(1) **GRANTS** the petition for a writ of habeas corpus and ORDERS respondents to release Alberto Lopez Ramirez immediately from custody and to certify compliance with this order by filing a notice with the court by **February 6, 2026**;

(2) **DIRECTS** the clerk to email forthwith today a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure Alberto Lopez Ramirez's release; and

(3) **ORDERS** that any fee petition should be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on February 3, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Because the court concludes that his detention is unlawful under the applicable statutory scheme, the court does not reach his alternate argument regarding the Fifth Amendment Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").

4